# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS PILCHER, in his Capacity as Administrator of the Estate of Christopher Robert Myers, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 25-00072-KD-M |
| CITY OF FOLEY, ALABAMA, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Defendants City of Foley, Alabama, Mayor Ralph Hellmich, Chief Thurston Bullock, Deputy Chief Kevin Carnley, Jail Cmdr. Larry Dearing, Chief Corrections Officer Nicole Phillips, Shift Supervisor Melanie Gouveia, Corrections Officer Dontae Bailer, Shift Supervisor Racen Williams, Corrections Officer John Ash, and Corrections Officer Louis Brower, Jr.'s ("Foley Defendants") Unopposed[1] Consent Joint Motion to Stay and Extend Time (doc. 49). Upon consideration, and as set forth herein, the Motion is GRANTED in part and DENIED in part.

The Court did not intend to deny on the merits the Foley Defendants' motion to dismiss based on municipal and state-agent immunity, rather the denial was an ineffective effort to defer the decision until the Court "determined whether the Constitutional claims against Bay Nursing, Inc. are viable." (Doc. 45). At that time, the Court reasoned that if these Constitutional claims were not viable, then pursuant to 28 U.S.C. § 1367(c)(3), the Court would decline to exercise supplemental jurisdiction over all the state law claims and those claims would be dismissed without prejudice such that Plaintiff Pilcher could file a complaint in state court.

---

[1] The Foley Defendants state that Bay Nursing, Inc. and Thomas Pilcher do not oppose this motion.

The Court now recognizes its mistake in denying the motion to dismiss rather than deferring, but since the decision has been appealed, the Court lacks jurisdiction to correct or amend its Order. Boyd v. Sec'y, Dep't of Corr., 114 F.4th 1232, 1238 (11th Cir. 2024), cert. denied sub nom. Boyd v. Dixon, 145 S. Ct. 2821, 222 L. Ed. 2d 1102 (2025) ("… an appeal 'divests the district court of its control over those aspects of the case involved in the appeal.' … Until this Court decides an appeal and issues the mandate, the district court lacks jurisdiction to rule in the case except on collateral issues or in aid of the appeal. … In the meantime, the district court has no authority to set aside its judgment, grant leave to amend the complaint, or allow any further litigation of the issues involved in the appeal.'") (citations omitted).

With regard to Defendant Bay Nursing, Inc., the Court has reviewed the pending motion to dismiss (doc. 35) and finds that the motion to stay should be denied as to that motion, but otherwise granted.  The Court retains jurisdiction during the interlocutory appeal to rule on issues that are collateral to the appeal. Id.  Here, Bay Nursing argues that it has not been properly served and that the period of limitations has expired and therefore, the action against it should be dismissed. The Court acknowledges that one of the reasons for granting qualified immunity is to protect the Foley Defendants from the burdens of litigation, i.e., pretrial discovery.  However, resolution of Bay Nursing's pending motion to dismiss does not implicate discovery or any prejudice to the Foley Defendants.

Accordingly, the Foley Defendants' Motion to Stay is GRANTED in part and DENIED in part. The action is stayed as to the Foley Defendants and stayed as to Bay Nursing with the exception of Bay Nursing's pending motion to dismiss (doc. 35).

DONE and ORDERED this the 31st day of March 2026.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE