**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS PILCHER, in His Capacity as Administrator of the Estate of Christopher Robert Myers, Deceased,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:25-cv-00072-KD-B** |
| **CITY OF FOLEY, ALABAMA, et al.,** | ) | |
| **Defendants.** | ) | |

**JOINT MOTION TO APPOINT GUARDIAN AD LITEM, TO JOIN PARTY, AND TO APPROVE SETTLEMENT**

Under Fed. R. Civ. P. 17(c)(2)[1] and 20(a)[2], plaintiff Thomas Pilcher, as the administrator of the estate of Christopher Robert Myers, and defendants the City of Foley, Alabama; Mayor Ralph Hellmich; Chief Thurston Bullock; Deputy Chief Kevin Carnley; Jail Cmdr. Larry Dearing; Chief Corrections Officer Nicole Phillips; Shift Supervisor Melanie Gouveia; Corrections Officer Dontae Bailey; Shift Supervisor Raven Williams; Corrections Officer John Ash; and Corrections Officer Louis Brower, Jr. (collectively "the Foley Defendants") jointly move:

[1] "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).
[2] "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

1. to appoint a guardian ad litem for the minor child who is one of the beneficiaries of a settlement of Plaintiff's claims against the Foley Defendants;

2. to join the minor child as a party;

3. to conduct a pro ami hearing;

4. to determine whether the proposed settlement is fair, just, reasonable, and in the best interests of the minor child;

5. to enter a judgment between Plaintiff, the minor child, and the Foley Defendants approving the settlement and discharging the Foley Defendants from liability and make the judgment final; and

6. to direct the distribution of the settlement proceeds.

Additionally, Plaintiff's counsel asks the Court to approve their fees and expenses.

## Table of Contents

I. Introduction....4

II. Analysis....5

A. Plaintiff and the Foley Defendants ask the Court to appoint a guardian ad litem for the minor child L.R.M. ....5

B. Plaintiff and the Foley Defendants ask the Court to find that this Motion raises a substantial issue that warrants further consideration....6

C. Plaintiff and the Foley Defendants ask the Court to join L.R.M. as a party....9

D. Plaintiff and the Foley Defendants ask the Court to conduct a pro ami hearing and to approve the proposed settlement....10

E. Plaintiff's counsel asks the Court to approve their fees and expenses....13

F. Plaintiff and the Foley Defendants ask the Court to direct the disposition of the settlement proceeds....13

III. Conclusion....14

Certificate of Service....17

# I. Introduction

This § 1983 civil rights action arose from the in-custody death of Christopher Robert Myers on February 27, 2023, in the Foley City Jail. (Doc. 19, PageID.150–52, ¶¶ 13, 18, 25.) On March 19, 2026, the Court dismissed all federal claims against the Foley Defendants but denied the Foley Defendants' immunity-based motion to dismiss all state law claims. (Doc. 45, PageID.493.) On March 20, 2026, the Foley Defendants appealed the denial of immunity on their state law claims. (Doc. 46,PageID.494–97.) The Foley Defendants' appeal remains pending. However, Plaintiff and the Foley Defendants have reached a proposed settlement that requires the Court's approval.

Because one of the potential beneficiaries of the proposed settlement is a minor, Plaintiff and the Foley Defendants ask the Court (1) to appoint a guardian ad litem for the minor; (2) to join the minor as a plaintiff; (3) to conduct a pro ami hearing; (4) to determine whether the proposed settlement is fair, just, reasonable, and in the best interests of the minor; (5) to enter a judgment between Plaintiff, the minor, and the Foley Defendants approving the settlement and make the judgment final; and (6) to direct the distribution of the settlement proceeds. Plaintiff's counsel also asks the Court to approve their fees and expenses.

Plaintiff and the Foley Defendants believe Federal Rule of Appellate Procedure 12.1, Eleventh Circuit Rule 12.1-1, and Judge Thompson's opinions in

*McCall v. Reed*, 107 F. Supp. 3d 1249 (M.D. Ala. 2015), and *McCall v. Reed*, 157 F. Supp. 3d 1192 (M.D. Ala. 2015), provide authority for this relief.

## II. Analysis

According to Plaintiff, Myers died without a spouse but had two children: Autumn Nicole Myers and L.R.M., a minor. Plaintiff and the Foley Defendants ask the Court to approve the proposed settlement and to direct the distribution of the settlement proceeds in an appropriate manner.

### A. Plaintiff and the Foley Defendants ask the Court to appoint a guardian ad litem for the minor child L.R.M.

The Court will need to hold an evidentiary hearing and make factual determinations regarding the fairness of the proposed settlement. "It is well established that 'the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (quoting *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)). In pertinent part, Rule 17(c)(2) states, "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." To ensure that the minor receives adequate representation, Plaintiff and the Foley Defendants ask the Court to appoint a guardian ad litem for L.R.M.[3]

[3] The Foley Defendants have agreed to pay up to $3,500 for the reasonable fees and expenses of the guardian ad litem.

**B. Plaintiff and the Foley Defendants ask the Court to find that this Motion raises a substantial issue that warrants further consideration.**

Because the remaining claims against the Foley Defendants are on appeal from a denial of immunity, the Court arguably lacks jurisdiction to approve a settlement of those claims. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Plaintiff and the Foley Defendants believe Federal Rule of Appellate Procedure 12.1 and Eleventh Circuit Rule 12.1-1 prescribe the procedure for the Court to follow in this situation:

> (a) Notice to the Court of Appeals. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
>
> (b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Fed. R. App. P. 12.1.

> (a) A party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in this court to stay

the appeal until the district court rules on the motion before it. If this court stays the appeal, the party who filed the motion in the district court must, unless this court orders otherwise, file written status reports at 30-day intervals from the date of this court's order informing this court of the status of the district court proceedings.

(b) If the motion filed in the district court is one that does not request substantive relief from the order or judgment under appeal, such as a motion to correct a clerical error pursuant to Fed. R. Civ. P. 60(a), any party to the appeal may file a motion for a limited remand to give the district court authority to rule on the motion, without waiting for the district court to signify its intentions on the motion. A response and reply may be filed in compliance with FRAP 27 and the corresponding local rules of this court.

(c) If the motion filed in the district court requests substantive relief from the order or judgment under appeal, such as a motion to modify a preliminary injunction or a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), the district court may consider whether to grant or deny the motion without obtaining a remand from this court.

> (1) If the district court determines that the motion should be denied, the district court may deny the motion without a remand by this court.
>
> (2) If the district court determines that the motion should be granted, the district court should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it.
>
>> (i) Any appellant or cross-appellant may file an objection to remand with this court within 14 days after entry of the district court's order.
>>
>> (ii) If no objection to remand is filed with this court within 14 days after entry of the district court's order, this court may remand the case in full to the district court for entry of an order granting relief and will direct the clerk to close the appeal. Any such order shall constitute an express dismissal of the appeal for purposes of FRAP 12.1.
>>
>> (iii) If an objection to remand is filed with this court within 14 days after entry of the district court's order, that

> objection will be treated as a motion for the court to retain jurisdiction. A response and reply may be filed in compliance with FRAP 27 and the corresponding local rules of this court. Upon consideration of the objections and any responses and replies, the court will determine whether to retain jurisdiction over the appeal.
>
> (iv) If the district court enters an order on remand that fails to grant the relief the district court had stated it would grant, any appellant or cross-appellant may, within 30 days after entry of the district court's order, file a motion in this court to reopen and reinstate the closed appeal.
>
> (d) With respect to any motion described in section (c) of this rule, if the district court determines that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating. The district court may without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied.
>
> (1) While such proceedings are pending in the district court, the appeal will remain stayed unless this court orders otherwise.
>
> (2) If the district court thereafter determines that the motion should be denied, the district court may deny the motion without a remand by this court.
>
> (3) If the district court thereafter determines that the motion should be granted, the provisions of section (c)(2) of this rule apply.
>
> (e) Upon the district court's entry of any order addressing any motion described in FRAP 12.1, the parties must promptly notify this court of such order.

11th Cir. R. 12.1-1.

Plaintiff and the Foley Defendants ask the Court to follow the procedure established by Fed. R. App. P. 12.1 and 11th Cir. Rule 12.1-1. Initially, Plaintiff and the Foley Defendants ask the Court to enter an order finding that this Motion "raises

a substantial issue that warrants further consideration" and then proceed to "conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." 11th Cir. Rule 12.1-1(d).

### C. Plaintiff and the Foley Defendants ask the Court to join L.R.M. as a party.

Under Federal Rule of Civil Procedure 20(a)(1), Plaintiff and the Foley Defendants ask the Court to join L.R.M. as a plaintiff in this action:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

As Judge Thompson held in a similar case, "there is a colorable contention that the minor beneficiar[ies] ha[ve] a right to relief jointly with the administrat[or] and . . . the questions of fact about [Myers's] death and the questions of law about whether the defendants are liable are common to both the [administrator] and the minor[s]." *McCall v. Reed*, 157 F. Supp. 3d 1192, 1196 (M.D. Ala. 2015). Accordingly, "[t]he minor[s] [are] proper part[ies] who can be 'permissively joined.'" *Id*. Based on Rule 20(a)(1) and Judge Thompson's opinion in *McCall*, Plaintiff and the Foley Defendants ask the Court to join L.R.M. as a plaintiff.

**D. Plaintiff and the Foley Defendants ask the Court to conduct a pro ami hearing and to approve the proposed settlement.**

The Alabama Supreme Court "has recognized the special nature of an attempted settlement of a minor's claim." *Large v. Hayes*, 534 So. 2d 1101, 1105 (Ala. 1988). "[C]ourts should not, pro forma, ratify *pro ami* settlements." *Chambers Cnty. Comm'rs v. Walker*, 459 So. 2d 861, 866 (Ala. 1984). Courts have conducted fairness hearings when a minor is the beneficiary of a settlement to determine whether a settlement is in the best interests of the minor. *See Burns v. City of Alexander City*, No. 3:14-cv-350-MHT, 2016 WL 3180762 (M.D. Ala. Jun. 2, 2016); *McCall v. Reed*, 157 F. Supp. 3d 1192 (M.D. Ala. 2016); *Roby v. Benton Express, Inc.*, No. 2:05-cv-494-MHT, 2006 WL 1375949 (M.D. Ala. May 19, 2006). Court have "emphasize[d] the gravity and severity of the apparent absence of a guardian ad litem and an inquisitorial, if not adversarial, proceeding to determine the adequacy of the settlement agreement, thus, protecting the interests of the minor." *Gess v. United States*, 909 F. Supp. 1426, 1448 (M.D. Ala. 1995) (DeMent, J.).

"Under Alabama law, a hearing to determine the fairness of a settlement must be held in order for that settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001). "A judgment entered on a compromise of an infant's claim is erroneous, and may be set aside where the court has made no examination or investigation of the facts to determine whether the compromise is for the best

interest of the infant." *Burlington N. R.R. Co. v. Warren*, 574 So. 2d 758, 762 (Ala. 1990) (quoting *Abernathy v. Colbert Cnty. Hosp. Bd.*, 388 So. 2d 1207, 1209 (Ala. 1980)); s*ee also Burns*, 2016 WL 3180762 at *1 (noting that "a fairness hearing and approval of settlement are required in order for a compromise to be 'valid and binding' and to 'bar'[] a subsequent action [by the minor] to recover for the same injuries"); *McCall*, 157 F. Supp. 3d at 1197 (explaining that a minor who is the beneficiary of a settlement should be protected through a *pro ami* hearing and discussing the importance of finality in settlements).

"Before such a settlement can be approved, there must be a hearing, with an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor." *Maryland Cas. Co. v. Tiffin*, 537 So. 2d 469, 471 (Ala. 1988).

The Supreme Court of Alabama has expressed a preference that *pro ami* hearings be held in open court. *See Burlington N. R.R. Co. v. Warren*, 574 So. 2d 758, 762 (Ala. 1990) (disapprovingly noting, "The hearing was conducted in the judge's chambers, not open court, with only the plaintiff, Burlington's lawyer, Byrd, and the judge present."); *Crane v. Jordan*, 475 So. 2d 542, 543 (Ala. 1985) (approvingly noting trial judge held an "open court hearing" before approving settlement); *see also Abernathy v. Colbert Cnty. Hosp. Bd.*, 388 So. 2d 1207, 1209 (Ala. 1980) (holding conference with judge "not sufficient to meet the requirements of a hearing for a valid pro-ami consent judgment").

The Supreme Court of Alabama has also attached significance to whether or not a record was created. *See Burlington N. R.R. Co. v. Warren*, 574 So. 2d 758, 762 (Ala. 1990) ("Moreover, there is no record of what transpired at the hearing in the judge's chambers."); *Large v. Hayes*, 534 So. 2d 1101, 1104 (Ala. 1988) (commenting favorably on "certified copy of the transcript" of settlement hearing); *Crane v. Jordan*, 475 So. 2d 542, 543 (Ala. 1985) (referring favorably to "transcribed hearing").

The trial court must hear evidence, and it must appear from the evidence "that the amount is just and fair, and a judgment therefor will be conservative of the minor's interests." *Abernathy v. Colbert Cnty. Hosp. Bd.*, 388 So. 2d 1207, 1209 (Ala. 1980) (quoting *Tenn. Coal, Iron & R.R. Co. v. Hayes*, 12 So. 98, 103 (Ala. 1892)).

Notwithstanding the stringency of Alabama's standard, "It is the policy of the law to encourage the settlement of disputes." *Large v. Hayes*, 534 So. 2d 1101, 1105 (Ala. 1988). "The present and future well being and security of an injured minor should not be lightly cast into the vicissitudes of a trial, if an amount and a method of payment that are just and fair, considering the evidence of liability and injury, are offered as a settlement." *Id.*

"Once such an offer has been tested by the trial court's objective and disinterested determination that it is in the minor's best interest and a final judgment

has been entered, that judgment, like any other judgment of a court that has jurisdiction of the subject matter and parties and possesses the power to render the judgment, is immune from collateral attack." *Id.* In accordance with these authorities, Plaintiff and the Foley Defendants ask the Court to conduct a pro ami hearing and to approve the proposed settlement.

**E. Plaintiff's counsel asks the Court to approve their fees and expenses.**

Plaintiff's counsel has entered into a fee agreement with Plaintiff and has incurred expenses in the handling of this case. Because attorney's fees and expenses for Plaintiff's counsel will be deducted from the settlement proceeds, Plaintiff's counsel asks the Court to approve their fees and expenses. *See McCall v. Reed*, 157 F. Supp. 3d 1192, 1198–99 (M.D. Ala. 2015) (reviewing and approving plaintiff counsel's fees and expenses).

**F. Plaintiff and the Foley Defendants ask the Court to direct the disposition of the settlement proceeds.**

Finally, Plaintiff and the Foley Defendants ask the Court to direct the disposition of the settlement proceeds. In addition to approving the payment of fees and expenses to Plaintiff's counsel, Plaintiff and the Foley Defendants ask the Court to direct the disposition of each child's share of the proceeds, to include deciding whether the funds for L.R.M. should be placed in an interest-bearing account with the Court Registry Investment System (CRIS) until L.R.M. reaches the age of

majority, at which time said funds plus any interest may be disbursed for L.R.M.'s use.

## III. Conclusion

For the foregoing reasons, Plaintiff and the Foley Defendants ask the Court (1) to appoint a guardian ad litem for L.R.M.; (2) to join L.R.M. as a plaintiff in this action; (3) to conduct a pro ami hearing; (4) to determine whether the proposed settlement is fair, just, reasonable, and in the best interests of L.R.M.; (5) to enter a judgment between Plaintiff, L.R.M., and the Foley Defendants approving the settlement and make the judgment final; and (6) to direct the distribution of the settlement proceeds. Plaintiff's counsel also asks the Court to approve their fees and expenses.

*James H. Pike has the express consent of the undersigned counsel to affix their electronic signatures to this Motion.*

*/s/ Johnathan F. Austin (with permission)*
Johnathan F. Austin
AUSTIN LAW, P.C.
P.O. Box 321173
Birmingham, Alabama 35212
Office: (205) 538-0169
austin@jaustinlawpc.com

Anthony J. Piazza
ANTHONY PIAZZA, P.C.
P.O. Box 550217
Birmingham, Alabama 35255-0217
Office: (205) 617-6211
anthonypiazza0326@hotmail.com

Richard A. Rice
THE RICE FIRM, LLC
115 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Office: (205) 618-8733
Facsimile: (888) 391-7193
rrice@rice-lawfirm.com

*Attorneys for Plaintiff Thomas Pilcher, in his Capacity as Administrator of the Estate of Christopher Robert Myers, deceased*

*<u>/s/ James H. Pike</u>*

James H. Pike
Alabama State Bar No. ASB-5168-P63J
SHEALY, PIKE & HORNSBY
P.O. Box 6346
Dothan, Alabama 36302-6346
Telephone: (334) 677-3000
Facsimile: (334) 677-0030
jpike@shealypikelaw.com

*Attorney for Defendants the City of Foley, Alabama, Mayor Ralph Hellmich, Chief Thurston Bullock, Deputy Chief Kevin Carnley, and Jail Cmdr. Larry Dearing*

*/s/ Mark L. Redditt (with permission)*
Mark L. Redditt
Alabama State Bar No. ASB-1623-R67W
Robert B. Reasonover
Alabama State Bar No. ASB-5141-E53M
MAYNARD NEXSEN PC
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama 36602
Telephone: (251) 432-0001
Facsimile: (251) 432-0007
mredditt@maynardnexsen.com
rreasonover@maynardnexsen.com

*Attorneys for Defendants Melanie Gouveia, Dontae Bailey, Raven Williams, John Ash, and Louis Brower, Jr.*

*/s/ Reed M. Coleman (with permission)*
Reed M. Coleman
Alabama State Bar No. ASB-9715-C67G
HOLTSFORD GILLILAND
6483 Van Buren Street
Daphne, Alabama 36526-7586
Telephone: (251) 447-0234
Facsimile: (251) 447-0212
rcoleman@hglawpc.com

*Attorney for Nicole Phillips*

## Certificate of Service

I, James H. Pike, certify that on June 29, 2026, I electronically served this document, via the CM/ECF system, upon:

Anthony J. Piazza
ANTHONY PIAZZA, P.C.
P.O. Box 550217
Birmingham, Alabama 35255-0217

Johnathan F. Austin
AUSTIN LAW, P.C.
P.O. Box 321173
Birmingham, AL 35232-1173

Richard A. Rice
THE RICE FIRM, LLC
115 Richard Arrington Jr. Blvd. North
Birmingham Alabama 35203-4105

Mark L. Redditt
Robert Bradford Reasonover
MAYNARD NEXSEN, P.C.
11 North Water Street, Suite 24290
Mobile, Alabama 36602-5024

Reed M. Coleman
HOLTSFORD GILLILAND
6483 Van Buren Street
Daphne, Alabama 36526-7586

John Peter Crook McCall
Ann Chapman
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, Alabama 36602

*/s/ James H. Pike*
James H. Pike