IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS PILCHER, in his Capacity as )
Administrator of the Estate of Christopher )
Robert Myers, Deceased, )
           )
  Plaintiff, )
           )
vs. )  CIVIL ACTION NO. 25-00072-KD-M
           )
CITY OF FOLEY, ALABAMA, et al., )
           )
  Defendants. )

## ORDER

This action is before the Court on the Joint Motion to Appoint Guardian ad Litem, to Join Party, and to Approve Settlement filed by Plaintiff Thomas Pilcher as the Administrator of the Estate of Christopher Robert Myers ("Pilcher") and Defendants City of Foley Alabama, Mayor Ralph Hellmich, Chief Thurston Bullock, Deputy Chief Kevin Carnley, Jail Cmdr. Larry Dearing, Chief Corrections Officer Nicole Phillips, Shift Supervisor Melanie Gouveia, Corrections Officer Dontae Bailer, Shift Supervisor Racen Williams, Corrections Officer John Ash, and Corrections Officer Louis Brower, Jr.'s ("Foley Defendants") (collectively the "Movants" (doc. 55).

I. Background

Pilcher filed this Section 1983 civil rights and state law tort action following the in-custody death of Christopher Robert Myers on February 27, 2023 in the Foley City Jail. On March 19, 2026, the Court adopted the report and recommendation to grant the Foley Defendants' motion to dismiss based on qualified immunity as to the Section 1983 claims against them (doc. 45). The Court denied the Foley Defendants' motion to dismiss based on immunity

1

as to the state law claims (doc. 45).  The Court stated that it would exercise supplemental

jurisdiction over the state law claims until it was determined whether the Constitutional claims

against Bay Nursing, Inc. were viable.

The Foley Defendants appealed the denial of their motion to dismiss based on immunity

as to the state law claims. The Court subsequently stayed the action as to the Foley Defendants

pending the appeal but did not stay the action as to Bay Nursing, Inc. (doc. 54). Bay Nursing,

Inc's motion to dismiss remains pending before the Court.

Pilcher and the Foley Defendants report that they have reached a settlement. However,

because Myers died without a spouse but with two children, including the minor L.R.M., they

now move the Court to appoint a Guardian ad Litem; join L.R.M. as a party; conduct a pro ami

hearing to determine whether the proposed settlement agreement is fair, just, and reasonable and

in the best interests of L.R.M.; enter judgment as to same; and to direct the distribution of the

settlement proceeds (doc. 55).

II. Jurisdiction[1]

The Movants argue that because the denial of the Foley Defendants' motion to dismiss

the state law claims is pending on appeal, this Court "lacks jurisdiction to approve a settlement

of those claims." (doc. 55, p. 6).  The Movants move the Court to follow the procedures

established in Fed. R. App. P. 12.1 and 11th Cir. Rule 12.1-1. Specifically, to first "enter an order

finding that this Motion 'raises a substantial issue that warrants further consideration' and then

---

[1] The Foley Defendants timely filed a motion to stay in the Court of Appeals for the Eleventh
Circuit. See 11th Cir. R. 12.1-1(a) ("A party who files a motion in the district court that the
district court lacks authority to grant because an appeal is pending must, within 14 days after
filing the motion, serve and file a motion in this court to stay the appeal until the district court
rules on the motion before it.").  The Eleventh Circuit granted the motion and the appeal is
stayed.

proceed to 'conduct such further proceedings as are necessary to determine whether the motion should be granted or denied.'" (Id., p. 8-9) (quoting 11th Cir. Rule 12.1-1(d)).

Pursuant to Fed. R. Civ. P. 62.1 when a "timely motion is made for relief that the court lacks authority to grant because of an appeal that … is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The last option is considered an "Indicative Ruling".

Under Federal Rule of Appellate Procedure 12.1(b), which provides for "Remand After an Indicative Ruling", "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Relevant here, "if the district court determines that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating." 11th Cir. R. 12.1-1(d).

The Movants ask the Court to first "enter an order finding that" their Joint Motion "'raises a substantial issue that warrants further consideration' and then proceed to 'conduct such further proceedings as are necessary to determine whether" their Joint Motion "should be granted or denied.'" The Court has reviewed the Joint Motion and determines that it "raises a substantial issue that warrants further consideration." 11th Cir. R. 12.1-1(d). Specifically, the issue of whether the proposed settlement agreement is fair, just, reasonable, in L.R.M.'s best interests and should be approved. Thus, by this Order, the Court complies with 11th Cir. R. 12.1-1(d), and states that the Joint Motion raises a substantial issue that warrants further consideration.

Pursuant to 11th Cir. R. 12.1-1(d), the "district court may without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or

3

denied." Thus, the Court may decide whether L.R.M. should be joined, decide whether a

Guardian ad Litem for L.R.M. is required, and conduct a pro ami hearing, without a remand, in

order to decide the primary issue of whether to grant or deny the Joint Motion to Approve

Settlement. Upon conducting these "further proceedings", if the Court decides that the Joint

Motion to Approve Settlement "should be granted", it will then comply with "the provisions of

section (c)(2)" and "enter an order stating that it intends to grant the motion if" the Eleventh

Circuit "returns jurisdiction to it." 11th Cir. R. 12.1-1(c)(2).

    III. Appointment of a Guardian ad Litem

Pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure, the Movants seek

appointment of a guardian ad litem to ensure that the minor L.R.M. receives adequate

representation.[2]  The Rule states that

> A minor or an incompetent person who does not have a duly appointed
> representative may sue by a next friend or by a guardian ad litem. The court
> must appoint a guardian ad litem--or issue another appropriate order--to protect
> a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).  "It is well established that '[t]he appointment of a guardian ad litem is a

procedural question controlled by Rule 17(c)[.]" Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir.

2001).

The Court of Appeals for the Eleventh Circuit has explained that when a parent brings an

action on behalf of a minor child, and their interests are the same, there is no conflict of interest

and an appointment of a guardian ad litem is not necessary to protect the minor's interests.

Burke, 252 F.3d at 1264.  However, in this circumstance, where non-parent Pilcher, as

administrator of Myer's estate, has prosecuted and settled this action and where the deceased

---

[2] The Foley Defendants have agreed to pay up to $3,500 for the reasonable fees and expenses of
the Guardian ad Litem (doc. 55, p. 5, n. 3)

Myers has two heirs – the minor L.R.M. and an adult daughter – appointment of a guardian ad litem is appropriate to protect the interest of L.R.M., "who is unrepresented" in this action. Accordingly, the Motion to appoint a guardian ad litem is granted and the Court appoints Jean Powers as guardian ad item for L.R.M.

IV. Joinder of L.R.M.

Pursuant to Rule 20(a)(1), the Movants ask the Court to join L.R.M. as a plaintiff in this action. With regard to "who may join or be joined" as "plaintiffs", the Rule states that

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Here, the minor L.R.M. has a right to relief with respect to or arising out of Myers' death because L.R.M. is an issue of the deceased Myers and entitled to a share of the proceeds of the wrongful death claim. Ala. Code § 43-8-42. "Under Alabama law, the proceeds of a wrongful death claim pass outside the estate in the order of intestate succession and are not subject to claims of the decedent's creditors." Gornto v. Ascension Health All., Inc., 2025 WL 3907749, at *2 (S.D. Ala. Nov. 26, 2025), report and recommendation adopted, 2026 WL 1751732 (S.D. Ala. June 17, 2026) (citing Ala. Code § 6-5-410(c)). Also, questions of law or fact common to all plaintiffs exist. Specifically, the questions of facts surrounding Myers' death and questions of law regarding the claims raised in the First Amended Complaint. Accordingly, the Motion to Join L.R.M. as a plaintiff is granted and the caption of this action shall reflect that L.R.M. is a plaintiff.

5

V. <u>Pro Ami Hearing</u>

The Movants argue that a fairness hearing, held in open court with an examination or investigation of the facts, is necessary to determine whether the proposed settlement is in the best interest of L.R.M. and for the settlement agreement if approved to have a binding effect on L.R.M. (doc. 55, p. 10-13).  The Court agrees. The law is established in Alabama that a hearing is necessary to examine the evidence and the facts and determine whether the settlement is fair, just, reasonable and in the best interest of the minor and to bind the minor to the settlement. <u>Burke v. Smith,</u> 252 F. 3d 1260, 1265 (11th Cir. 2001); <u>Burns v. City of Alexander City</u>, 2016 WL 3180762 (M.D. Ala. Jun. 2, 2016); <u>Large v. Hayes</u>, 534 So. 2d 1101, 1105 (Ala. 1988); <u>Abernathy v. Colbert Cnty. Hosp. Bd.,</u> 388 So. 2d 1207, 1209 (Ala. 1980).

Accordingly, the Motion is granted and the Pro Ami Hearing is set for **Friday, September 18, 2026 at 1:00 p.m.** in Courtroom 4B, United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602.

In preparation for the hearing, the **Movants shall**, on or before **Tuesday, September 8, 2026**, the Movants shall file UNDER SEAL a copy of the Settlement Agreement and any other evidence or argument (not to exceed fifteen (15) pages) in support of the Joint Motion to Approve Settlement.   And **Powers shall**, on or before **Tuesday September 15, 2026**, file a report UNDER SEAL if applicable, regarding whether the proposed Settlement Agreement is fair, just, reasonable and in the best interest of the Minor L.R.M.

VI. <u>Disposition of the Settlement Proceeds</u>

The Movants ask the Court to "direct the disposition of each child's share of the proceeds, to include" whether L.R.M.'s share "should be placed in an interest-bearing account

6

with the Court Registry Investment System (CRIS) until L.R.M. reaches the age of majority"

(doc. 55, p. 13-14).  The Court reserves this issue for the Pro Ami hearing.

VII. Approval of Plaintiff's Counsel's Attorney Fees and Expenses

Pilcher seeks approval of his counsel's attorney fees and expenses because same "will be

deducted from the settlement proceeds." (doc. 55, p. 13).  Pilcher also states that he has entered

into a fee agreement with his counsel.  Accordingly, **Pilcher shall**, on or before **Tuesday,**

**September 8, 2026**, file a copy of his fee agreement and any other evidence or argument (not to

exceed fifteen (15) pages) in support of his request for approval.  Pilcher is reminded that in the

Eleventh Circuit, the starting point for approval of attorneys fees and expenses is the lodestar

method.

DONE and ORDERED this the 27th day of July 2026.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

7