**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THOMAS PILCHER, in his Capacity as Administrator of the Estate of Christopher Robert Myers, Deceased,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 25-00072-KD-M** |
| **CITY OF FOLEY, ALABAMA, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on the Joint Motion to Approve Settlement filed by Plaintiff Thomas Pilcher as the Administrator of the Estate of Christopher Robert Myers ("Pilcher") and Defendants City of Foley Alabama, Mayor Ralph Hellmich, Chief Thurston Bullock, Deputy Chief Kevin Carnley, Jail Cmdr. Larry Dearing, Chief Corrections Officer Nicole Phillips, Shift Supervisor Melanie Gouveia, Corrections Officer Dontae Bailer, Shift Supervisor Racen Williams, Corrections Officer John Ash, and Corrections Officer Louis Brower, Jr.'s ("Foley Defendants") (doc. 55), Memorandum in support of the joint motion to approve settlement (doc. 59, Under Seal), Pilcher's memorandum in support of attorney's fees (doc. 62, Under Seal), Pilcher's revised memorandum in support of attorney's fees (doc. 75, Under Seal[1]); the parties revised Settlement Agreement (doc. 72, Under Seal); and the Guardian ad Litem's report and revised report (docs. 67, 76, Under Seal)

[1] For good cause shown, the Administrator's Motion for leave to file under seal brought pursuant to S.D. Ala. GenLR 5.2(b) (doc. 74), is GRANTED.

Upon consideration, the Court finds that the Joint Motion to Approve Settlement (doc. 55) is due to be granted and the revised Settlement Agreement is due to be approved. Accordingly, in compliance with 11th Cir. R. 12.1-1(c)(2), the Court states "that it intends to grant the Joint Motion and approve the settlement as to the minor L:.R.M., if" the Eleventh Circuit "returns jurisdiction" to this Court. 11th Cir. R. 12.1-1(c)(2).

I. Background

Pilcher filed this Section 1983 civil rights and state law tort action following the in-custody death of Christopher Robert Myers on February 27, 2023 in the Foley City Jail. On March 19, 2026, the Court adopted the report and recommendation to grant the Foley Defendants' motion to dismiss based on qualified immunity as to the Section 1983 claims against them (doc. 45). The Court denied the Foley Defendants' motion to dismiss based on immunity as to the state law claims (doc. 45). The Court stated that it would exercise supplemental jurisdiction over the state law claims until it was determined whether the Constitutional claims against Bay Nursing, Inc. were viable.

The Foley Defendants appealed the denial of their motion to dismiss. The Court subsequently stayed the action as to the Foley Defendants pending the appeal but did not stay the action as to Bay Nursing, Inc. (doc. 54).

Pilcher and the Foley Defendants report that they have reached a settlement. However, because Myers died without a spouse and with two children, including the minor L.R.M., they moved the Court to appoint a Guardian ad Litem; join L.R.M. as a party; conduct a pro ami hearing to determine whether the proposed settlement agreement is fair, just, and reasonable and in the best interests of L.R.M.; enter judgment as to same; and to direct the distribution of the settlement proceeds (doc. 55). Pilcher also seeks approval of his attorney's fees (doc.

The motion to appoint a Guardian ad Litem was granted and Jean Powers was appointed (doc. 57). The motion to join the minor L.R.M. was granted (doc. 57).

In anticipation of the pro ami hearing, and as ordered, Pilcher and the Foley Defendants filed their Pro Tanto Confidential Settlement Agreement and Release (Settlement Agreememt) (doc. 58, Under Seal) and memorandum in support of the Joint Motion (doc. 59). The Guardian ad Litem filed her report (doc. 67, Under Seal). The Guardian ad Litem imposed no objection to the terms of the proposed Settlement Agreement, finding it fair, just and reasonable, but brought to the Court's attention that a special needs trust or specific type of bank account may be necessary for receipt of L.R.M.'s settlement proceeds and that the Guardian ad Litem had consulted as special needs planning attorney (Id.). The Guardian ad Litem also reported that expenses had been incurred for the services of the special needs planning attorney.

The pro ami hearing was held September 18, 2026. The parties presented their respective positions regarding whether the terms of the proposed Settlement Agreement was fair, just and reasonable, and in the best interest of the minor L.R.M. The parties also presented their respective positions as to whether Pilcher's attorney's fees, the Guardian ad Litem's fees, and the fees for the special need attorney were reasonable. The Court expressed specific concerns regarding the amount of Pilcher's requested attorney's fees. The Court took the matter under advisement pending additional briefing and review of a revised Settlement Agreement.

Pilcher filed a revised memorandum for attorney's fees wherein he seeks approval of a reduced fee (doc. 75, Under Seal). The parties filed a revised proposed Settlement Agreement (doc. 72, Under Seal). The Guardian ad Litem filed a revised report (doc. 76, Under Seal).

II. Jurisdiction[2]

The Movants assert that because denial of the Foley Defendants' motion to dismiss the state law claims is pending on appeal, this Court "lacks jurisdiction to approve a settlement of those claims" and therefore, they seek an indicative ruling (doc. 55). Pursuant to Fed. R. Civ. P. 62.1 when a "timely motion is made for relief that the court lacks authority to grant because of an appeal that … is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The last option is considered an "Indicative Ruling".

The procedure to obtain an indicative ruling is found in Fed. R. App. P. 12.1 and 11th Cir. Rule 12.1-1. Pursuant to these rules, the Movants move the Court to first "enter an order finding that this Motion 'raises a substantial issue that warrants further consideration' and then proceed to 'conduct such further proceedings as are necessary to determine whether the motion should be granted or denied.'" (Do. 55, p. 8-9) (quoting 11th Cir. Rule 12.1-1(d)).

Under Fed. R. App. P. 12.1(b), which provides for "Remand After an Indicative Ruling", "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Relevant here, "if the district court determines that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating." 11th Cir. R. 12.1-1(d).

[2] The Foley Defendants timely filed a motion to stay in the Court of Appeals for the Eleventh Circuit. See 11th Cir. R. 12.1-1(a) ("A party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in this court to stay the appeal until the district court rules on the motion before it."). The motion was granted and the appeal is stayed.

The Court complied with this directive and entered an order stating it had reviewed the Joint Motion and determined that it "raises a substantial issue that warrants further consideration." (doc. 57) (citing 11th Cir. R. 12.1-1(d)). Specifically, the issue of whether the proposed settlement agreement is fair, just, reasonable, in L.R.M.'s best interests and should be approved. Also, pursuant to 11th Cir. R. 12.1-1(d), the "district court may without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." In that regard, the Court found that further proceedings were necessary – a determination whether L.R.M. should be joined, whether a Guardian ad Litem for L.R.M. was required, and a pro ami hearing - without a remand, in order to decide the primary issue of whether to grant or deny the Joint Motion to Approve Settlement (doc. 57). The Court held that upon conducting these "further proceedings", if the Court decides that the Joint Motion to Approve Settlement "should be granted", it will then comply with "the provisions of section (c)(2)" and "enter an order stating that it intends to grant the motion if" the Eleventh Circuit "returns jurisdiction to it." 11th Cir. R. 12.1-1(c)(2).

III. Analysis

A. Approval of the revised Settlement Agreement

The law is established in Alabama that a hearing is necessary to examine the evidence and the facts and determine whether the settlement is fair, just, reasonable and in the best interest of the minor and to bind the minor to the settlement. Burke v. Smith, 252 F. 3d 1260, 1265 (11th Cir. 2001); Burns v. City of Alexander City, 2016 WL 3180762 (M.D. Ala. Jun. 2, 2016); Large v. Hayes, 534 So. 2d 1101, 1105 (Ala. 1988); Abernathy v. Colbert Cnty. Hosp. Bd., 388 So. 2d 1207, 1209 (Ala. 1980). The Court held the pro ami hearing on September 18, 2026. Counsel for the Administrator, counsel for the Foley Defendants, the minor L.R.M., his mother and sister,

the Guardian ad Litem appointed to protect the interests of the minor L.R.M. and a special needs planning attorney were present for the hearing.

The Court heard the parties' and the Guardian ad Litem's opinions that the proposed Settlement Agreement is fair, just, reasonable, and in the best interests of the minor L.R.M., and should be approved. The Court also considered the parties' memorandum in support of settlement (doc. 59, Under Seal) and the Guardian ad Litem's written report (doc. 67, Under Seal). For reasons more specifically set forth on the record and primarily due to the evidence surrounding Myer's death and an assessment of the likelihood of prevailing at trial, and the opinion of the Guardian ad Litem as to same, the Court found that the minor L.R.M.'s settlement was fair, just, reasonable and in the best interests of L.R.M. [3]

However, the Guardian ad Litem advised the Court that the minor L.R.M. was a Social Security and Medicaid recipient and that in order to preserve his benefits, information regarding the settlement must be disclosed to Medicaid. After hearing from counsel, the parties were allowed additional time to revise the confidentiality provision in the Settlement Agreement to allow for this disclosure.

The Court has now reviewed the revised Settlement Agreement, specifically the revisions to the confidentiality provision, and finds that it is fair, just, reasonable and in the best interest of L.R.M. Accordingly, the revised Settlement Agreement is due to be approved (doc. 72).

VI. Disposition of the Settlement Proceeds

[3] The minor L.R.M.'s adult sister is a party to the Settlement Agreement. Pursuant to the Alabama laws and statutes applicable to a wrongful death, L.R.M. and his sister share the settlement amount. Because she is an adult, the Court is not required to, and does not, approve her settlement, and the Court's Order should not be construed as approval.

The Movants ask the Court to direct the disposition of L.R.M.'s share and whether same "should be placed in an interest-bearing account with the Court Registry Investment System (CRIS) until L.R.M. reaches the age of majority" (doc. 55, p. 13-14).[4] At the pro ami hearing, the Guardian ad Litem advised the Court that the minor L.R.M. is a Social Security and Medicaid recipient and has a disability. Therefore, the Guardian ad Litem consulted a special needs planning attorney for an opinion as to the distribution of the minor's portion of the settlement proceeds and preservation of his benefits. The special needs planning attorney was present at the hearing.

With her supplemental report, the Guardian ad Litem provided the Court with the special needs planning attorney's opinion regarding a distribution plan, which should not negatively affect any benefits which L.R.M. is currently receiving. Specifically, the special needs planning attorney recommended depositing a specific amount in an ABLE banking account, see https://www.alabamaable.gov, to be opened by L.R.M.'s mother and would be available to them for qualified disability expenses. The specific amount recommended is the yearly maximum allowable that would not negatively affect any current or future Medicaid benefits that L.R.M. is receiving or may receive in the future. The special needs planning attorney recommended placing the balance in the Court's registry (doc. 76, p. 11-12, Under Seal). The special needs planning attorney explained that the funds should remain in the Court's registry until L.R.M.

---

[4] The Movants asked the Court "to direct the disposition of each child's share of the proceeds" (doc. 55, p. 13). As previously stated, L.R.M.'s sister is an adult. The Court will not direct any disposition of her share of the proceeds. The Court's Order should not be construed as making any direction for disposition of her share.

reaches 18 years of age and at this time his ability to manage his finances, and his current or future Medicaid and/or Social Security benefits[5] would be assessed.

As recommended by the special needs planning attorney, the Court finds that a distribution from the settlement proceeds of the 2026 yearly maximum allowable amount to an ABLE account and the deposit of the balance of the settlement proceeds into the Court Registry Investment System (CRIS), in an interest-bearing account, until such time as the minor L.R.M. reaches the age of majority, see S.D. Ala. CivLR 67, are due to be approved.

VII. Approval of Pilcher's Counsel's Attorney Fees

Pilcher seeks approval of his counsel's attorney fees (doc. 55, p. 13; doc. 62, memorandum in support and employment contract, Under Seal).[6] At the pro ami hearing, Pilcher explained that pursuant to the Employment Agreement, he was seeking approval of an attorney's fee equal to 50% of the recovery (doc. 62-1, Employment Agreement, Under Seal). Per the Employment Agreement, expenses would be deducted from Pilcher's net recovery as Administrator of the estate of the deceased Myers (Id.). In other words, as heirs in an estate seeking a recovery for a wrongful death, L.R.M. would receive half of the recovery and his adult sister would receive the other half. An attorney's fee of 50% would be deducted from their respective shares, then expenses would be deducted from their net recovery, with the balance distributed to them.

[5] The special needs planning attorney indicated that at age 18, L.R.M. may need to reapply for S.S.I. and/or Medicaid because he can remain on his current Medicaid program until he reaches age 19, unless he qualifies as an adult.

[6] The memorandum explains the division of the 50% among Pilcher's three attorneys. The memorandum also includes counsel's calculation of the lode star based upon the work performed, time spent, and respective hourly rates of Pilcher's three attorneys (doc. 62).

After consideration of the early stage of the litigation at which the settlement occurred, and other factors including the allocation of time between the Foley Defendants and the remaining Defendants,[7] the Court expressed concern as to whether this percentage was fair, just, and reasonable and in the minor L.R.M.'s best interests. The Court explained that it had no authority over the adult daughter's settlement and would not enter an opinion as to same. The Court took the matter under advisement.

Pilcher filed a supplemental memorandum (doc. 75, Under Seal), wherein he seeks a reduced amount for counsel's attorney's fees; specifically, 40% of the recovery for the minor L.R.M. Pilcher also provided additional information to address the Court's concerns regarding the allocation of the time spent, etc., between the Foley Defendants and the remaining Defendants. Pilcher also applied several voluntary reductions, including a request for a uniform reduction of the hourly rate for each counsel, and ultimately stated that if the Court disagrees with the proposed 40% of the recovery, then he "requests that the Court exercise its judgment and approve a lesser attorney fee as it determines reasonable and appropriate for the minor." (doc. 75, p. 8).

The Court has considered the testimony at the pro ami hearing, the Joint Motion and memorandum in support, and Pilcher's submissions in support of his request for attorney's fees. The Court find that an attorney's fee of 30% of the recovery for the minor L.R.M. is fair, just, reasonable, and in the minor's best interests, and is due to be approved.

VIII. <u>Approval of Pilcher's counsel's expenses</u>

In the Joint Motion, the parties state that "[b]ecause attorney's fees and expenses for [Pilcher's] counsel will be deducted from the settlement proceeds, [Pilcher's] counsel asks the

---

[7] Bay Nursing, Inc., "Jail Physician", "Jail Nurse Rosi" and "Second Jail Nurse".

Court to approve their fees and expenses." (doc. 55, p. 13). In Pilcher's "memorandum in support of request for approval of attorneys' fees", he states that "[l]itigation expenses are accounted for separately in the settlement and disbursement material and are not included in the [$] attorney's fee analyzed here." (doc. 62, p. 8-9, Under Seal). In Pilcher's "supplemental memorandum supporting a reduced fee based on allocated time" (doc. 75, Under Seal), Pilcher states that "[e]very further reduction in the minor's fee will increase the minor's distribution dollar for dollar, assuming unchanged approved expenses." (Id., at p. 8, Under Seal).

However, the only "settlement and disbursement material" that is now before the Court is the Settlement Agreement, which identifies only one expense – the expense of the Guardian ad Litem (doc. 58, p. 4-5, Under Seal). Thus, as to Pilcher's counsel, no expenses are due to be approved.

IX. Approval of the Guardian ad Litem's fee

According to the terms of the revised Settlement Agreement, which the Court has now approved, the Foley Defendants agreed to pay up to $3,500.00 for the reasonable fees and expenses of the Guardian ad Litem, and the parties agreed that any fees in excess of $3,500.00 shall be borne by Pilcher and may be deducted from the settlement proceeds (doc. 72, p. 3-4, Under Seal). The Guardian ad Litem reports that her total fee is $4,300.00 (doc. 76, Under Seal). The Court reviewed the Guardian ad Litem's report and invoice, and finds that the hourly rate, work performed, and the hours expended are reasonable and fair. Accordingly, the Guardian ad Litem's fee is due to be approved. In that regard, and as agreed, $3,500 is due to be paid by the Foley Defendants and the balance of $800.00 is due to be paid from the minor L.R.M.'s settlement proceeds.

X. Approval of the Special Needs Planning Attorney's fee

Because the minor L.R.M. has a disability, the Guardian ad Litem consulted with a special needs planning attorney to determine whether any distribution of the settlement funds to L.R.M. would negatively impact his Social Security and Medicaid benefits (doc. 72, p. 5, Under Seal). The Court finds that obtaining the opinion of a special needs planning attorney was beneficial to the minor L.R.M. and in his best interests. Accordingly, the fee of the special needs planning attorney, $750.00, is due to be approved, and is due to be paid as an expense of the Guardian ad Litem from the minor L.R.M.'s settlement proceeds.

XI. Conclusion

Upon consideration of the foregoing, the Court finds that the Joint Motion to Approve Settlement (doc. 55) is due to be granted and the revised Settlement Agreement is due to be approved. Accordingly, in compliance with 11th Cir. R. 12.1-1(c)(2), the Court states "that it intends to grant the Joint Motion and approve the settlement as to the minor L.R.M., if "the Eleventh Circuit "returns jurisdiction" to this Court. 11th Cir. R. 12.1-1(c)(2).

DONE and ORDERED this the 17th day of November 2026.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE